John Michael MOCK, Sr., Individually and as Representative of the Estate of Judith I. Mock, Joseph David Mock, John Michael Mock, Jr., and Jared William Mock, Appellants

v.

PRESBYTERIAN HOSPITAL OF PLANO, Texas, Narcisa A. Dusa, M.D., and Daniel J. Hopson, M.D., Appellees.

No. 05–11–00936–CV.

Court of Appeals of Texas, Dallas.

Aug. 9, 2012.

David Wayne Dumas, Andy McSwain, Fulbright Winniford, P.C., for Appellants.

Edward P. Quillin, Wesley David Raff, Quillin Law Firm, P.C., David McCue, Bruce A. Pauley, McCue–Pauley & Associates, P.C., Allan L. Campbell, Wendy Campbell & Associates, PC, McKinney, TX, for Appellees.

Before Justices FITZGERALD, MURPHY, and FILLMORE.

## OPINION

Opinion By Justice FITZGERALD.

This is a medical-malpractice case. Appellants, who were plaintiffs in the trial court, appeal a take-nothing summary judgment rendered on the ground of limitations. The question presented is whether appellants were entitled to a 75–day tolling period under section 74.051(c) of the Texas Civil Practice and Remedies Code. We conclude that they were, and we therefore reverse the judgment of the trial court.

### I. BACKGROUND

Appellants are the surviving husband and children of decedent Judith I. Mock. They alleged the following facts in support of their claims. Appellee Dusa admitted decedent to appellee Presbyterian Hospital of Plano, Texas in December 2007 for evaluation and treatment of severe sciatica pain. Dusa consulted with appellee Hopson about decedent's diagnosis and treat-

ment. During her hospitalization, decedent received many medications, including medications known to cause respiratory depression. The doctors and nurses knew that decedent was asthmatic, suffered from obstructive sleep apnea, and required a CPAP machine when she was asleep. On December 16, 2007, decedent was "discovered unresponsive in her room," and attempts to resuscitate her failed. On February 23, 2010, appellants sued appellees, along with some other defendants who were later nonsuited, for wrongful death. Appellants alleged that they had given appellees pre-suit notice of their claim pursuant to sections 74.051 and 74.052 of the civil practice and remedies code.

Each appellee filed a motion for summary judgment. The motions were substantively identical. Appellees argued that appellants' pre-suit notices were defective under section 74.052, and that the notices therefore did not trigger the 75–day tolling period provided by section 74.051(c). More specifically, appellees argued that the "Authorization Form for Release of Protected Health Information" furnished by appellants was defective under section 74.052 because it did not authorize appellees to obtain the specified health information about decedent. Instead, the authorization form authorized appellants' counsel to obtain that health information. Because of this defect in the authorization form, appellees contended that appellants were not entitled to a 75–day tolling period and thus that appellants' claims were time-barred because appellants filed suit two years and 69 days after decedent's death.

Appellants filed a summary-judgment response in which they argued that they were entitled to the 75–day tolling period because the medical authorization form they used mirrored the form set forth in section 74.052(c) and satisfied the purposes underlying the relevant statutes. In particular, appellants argued that whenever any defendant or insurance carrier involved in the case requested medical records or a medical-records release from appellants, the requested documents were promptly provided to them. Appellants filed summary-judgment evidence to support their factual contentions.[1]

The trial judge granted appellees' motions for summary judgment and rendered a take-nothing judgment against appellants. Appellants timely filed their notice of appeal.

## II. ANALYSIS

In a single issue on appeal, appellants contend that the trial judge erred by granting appellees' motions for summary judgment.

### A. Standard of review

We review a summary judgment de novo. *Smith v. Deneve*, 285 S.W.3d 904, 909 (Tex.App.-Dallas 2009, no pet.). When

---

1. Appellants filed summary-judgment evidence indicating that appellees received some medical records and an additional release upon request after appellants sent their pre-suit notice and medical authorization form. The evidence indicates that appellants sent Presbyterian Hospital a HIPAA-compliant medical authorization and a copy of decedent's death certificate on January 8, 2010. The evidence also indicates that appellants sent copies of decedent's medical records to Presbyterian Hospital on February 9 and to Dusa's insurance carrier and to Hopson on February 12. All these events took place within the 75–day tolling period and before appellants filed suit on February 23, 2010. Appellees adduced no evidence that they did not receive these records, that they ever requested medical records that appellants refused to furnish, or that the error in appellants' medical authorization form hampered their ability to investigate the claims in any respect.

we review a traditional summary judgment in favor of a defendant, we determine whether the defendant conclusively disproved an element of the plaintiff's claim or conclusively proved every element of an affirmative defense. *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex.1997); *Smith*, 285 S.W.3d at 909. When a summary-judgment motion is based on the affirmative defense of the statute of limitations, the defendant must conclusively prove when the cause of action accrued. *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999). We must take evidence favorable to the nonmovant as true, and we must indulge every reasonable inference and resolve every doubt in favor of the nonmovant. *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 800 (Tex.1994); *Smith*, 285 S.W.3d at 909.

## B. Applicable law

Health care liability claims are subject to a two-year statute of limitations. TEX. CIV. PRAC. & REM.CODE ANN. § 74.251(a) (West 2011); *Jose Carreras, M.D., P.A. v. Marroquin*, 339 S.W.3d 68, 71 (Tex.2011). A claimant can obtain a 75–day tolling period by complying with certain notice requirements found in Chapter 74. The pertinent provisions are as follows:

(a) Any person or his authorized agent asserting a health care liability claim shall give written notice of such claim by certified mail, return receipt requested, to each physician or health care provider against whom such claim is being made at least 60 days before the filing of a suit in any court of this state based upon a health care liability claim. The notice must be accompanied by the authorization form for release of protected health information as required under Section 74.052.

. . . .

(c) Notice given as provided in this chapter shall toll the applicable statute of limitations to and including a period of 75 days following the giving of the notice, and this tolling shall apply to all parties and potential parties.

TEX. CIV. PRAC. & REM.CODE ANN. § 74.051(a), (c).

(a) Notice of a health care claim under Section 74.051 must be accompanied by a medical authorization in the form specified by this section. Failure to provide this authorization along with the notice of health care claim shall abate all further proceedings against the physician or health care provider receiving the notice until 60 days following receipt by the physician or health care provider of the required authorization.

(b) If the authorization required by this section is modified or revoked, the physician or health care provider to whom the authorization has been given shall have the option to abate all further proceedings until 60 days following receipt of a replacement authorization that must comply with the form specified by this section.

*Id.* § 74.052(a), (b). Section 74.052(c) states that the required medical authorization form "shall be in the following form," and it proceeds to give the text of the form, with several blanks to be filled in with information specific to the claimant's claim. *Id.* § 74.052(c).

Thus, the 75–day tolling period is triggered if the claimant gives notice "as provided" in Chapter 74. *Id.* § 74.051(c). In the *Carreras* case, the supreme court stated that the claimant must provide both written notice of the claim and a medical authorization form in order to give notice "as provided" in chapter 74 and in order to trigger the tolling provision. 339 S.W.3d at 73. In that case, the claimants provided the notice of claim within limitations but

did not provide any medical authorization form until after the two-year limitations period expired. *Id.* at 70. The claimants filed suit more than two years after their claims accrued, but less than two years and 75 days after accrual. *Id.* The supreme court held that the claimants' failure to furnish a medical authorization form within the limitations period meant the 75-day tolling provision did not apply, and that their claim was therefore time-barred. *Id.* at 74.

## C. Application of the law to the facts

Appellants contend their claims are not time-barred because they successfully triggered the 75-day tolling period provided for by section 74.051(c). The question presented is whether a claimant is entitled to the 75-day tolling period if he timely furnishes the statutorily prescribed medical authorization form but completes one of the blanks in the medical authorization form incorrectly. We conclude that such a claimant is entitled to the 75-day tolling period and thus that appellees were not entitled to summary judgment in this case.

The statute provides that the written notice of claim "must be accompanied by a medical authorization in the form specified by" section 74.052. TEX. CIV. PRAC. & REM. CODE ANN. § 74.052(a). Section 74.052(c) states that the authorization "shall be in the following form" and proceeds to set out the precise text of the medical authorization form, with several blanks that the claimant must fill in to customize the form for the particular claim. *Id.* § 74.052(c). The prescribed form begins as follows:

A. I, _____ (name of patient or authorized representative), hereby authorize _____ (name of physician or other health care provider to whom the notice of health care claim is directed) to obtain and disclose (within the parameters set out below) the protected health information described below for the following specific purposes . . . .

*Id.* Appellants' medical authorization form precisely tracked the statutorily prescribed text. Appellees challenged the form because appellants filled the second blank out incorrectly. Instead of putting appellees' names in the second blank, appellants put the name of appellants' attorney.

In *Carreras,* the supreme court held that tolling is unavailable if the claimant fails to furnish any medical authorization form at all within limitations. *See Carreras,* 339 S.W.3d at 72 ("If the authorization does not accompany the notice, then the benefit of the notice—tolling—may not be utilized."). But *Carreras* does not address the instant situation, in which the correct medical authorization form was timely provided but the defendants demonstrated that the claimants filled out one blank incorrectly.

The Houston First Court of Appeals has held that a claimant failed to trigger tolling of the limitations period because she did not timely furnish a non-defective medical authorization form. *Nicholson v. Shinn,* No. 01-07-00973-CV, 2009 WL 3152111, at *3–6 (Tex.App.-Houston [1st Dist.] Oct. 1, 2009, no pet.) (mem.op.). In that case, the claimant's first letter of notice was not accompanied by a medical authorization form as required by statute (section 74.051(a)) and was thus defective from the outset. Subsequently, the claimant provided two medical authorization forms within the limitations period, but in both forms the claimant omitted the statutorily required list of the claimant's physicians and health care providers for the previous five years. *Id.* at *5. The second form was defective in other respects as well, and it was forwarded only to an insurance carrier, fatal to accomplish proper notice. *Id.* at *5–6. Under these circumstances, the court held that the defective forms did not suffice to trigger the

tolling period. *Id.* at *6; *accord Mitchell v. Methodist Hosp.*, 376 S.W.3d 833, 838 (Tex.App.-Houston [1st Dist.] 2012, no pet. h.) (holding HIPAA medical authorization form was not sufficient to trigger tolling). But the instant case is distinguishable because the form utilized by appellants tracked the statutory form completely and appellants filled in all the blanks, albeit one of the blanks incorrectly.[2]

The El Paso Court of Appeals, by contrast, held that defective medical authorization forms were sufficient to toll the limitations period in *Rabatin v. Kidd*, 281 S.W.3d 558 (Tex.App.-El Paso 2008, no pet.). In that case, the claimants timely sent notice and a medical authorization form to one potential defendant, but the claimants' form excluded the medical records of the patient's other medical providers for the previous five years. *Id.* at 560. The claimants then sent another timely notice and medical authorization form, this time to all the potential defendants, but the form again excluded the medical records of the patient's other medical providers for the previous five years, and it also did not say who could access the records. *Id.* The court of appeals nevertheless held that the limitations period was tolled because the medical authorization form still satisfied the legislative purpose: "Tolling the statute of limitations when a notice letter and medical authorization form, albeit a[n] imperfectly filled out form, gives fair warning of a claim and an opportunity to abate the proceedings for negotiations and evaluation of the claim, which carries out the Legislature's intent in enacting the statute." *Id.* at 562.

We conclude appellants' medical authorization form correctly tracked the statutorily prescribed text. Although one blank was filled out incorrectly in what appears to have been an inadvertent mistake, the medical authorization form utilized complied with the statutory requirements, satisfied the legislative purpose, and triggered the tolling of the limitations period.[3] Accordingly, the trial judge erred in ruling that appellants' claims were barred by limitations as a matter of law and in granting summary judgment.

## III. DISPOSITION

For the foregoing reasons, we reverse the trial court's judgment and remand this case for further proceedings.

---

2. We note that section 74.052(c) required appellants to provide the same information called for in the second blank of paragraph A—the names of the physicians or health care providers to whom the notice of claim is directed—in blanks in paragraphs D.3 and D.4 as well. Appellants correctly completed the blanks in paragraph D.3 and D.4 of their medical authorization form.

3. According to *Carreras*, the legislative purpose of requiring the claimants to furnish notice of the claim and a medical authorization form in order to trigger the tolling of limitations is to provide a method for the quick, efficient settlement of claims and to help identify non-meritorious claims early. *Carreras*, 339 S.W.3d at 73. The requirement of a medical authorization form advances this purpose by enabling potential defendants to investigate the potential claims that may be brought against them. *See id.* When a claimant provides the correct form with one blank filled out incorrectly, the claimant has demonstrated his intention to comply with the statute, and the error can be fixed quite easily. Any injury to the potential defendants from the delay is removed by the legislature's provision of an abatement of proceedings lasting until 60 days after a proper authorization is received. TEX. CIV. PRAC. & REM.CODE ANN. § 74.052(a). The abatement provides the opportunity for investigation and settlement that is potentially lacking when a claimant furnishes a medical authorization form with one blank incorrectly completed. *See Rabatin*, 281 S.W.3d at 562.