**AFFIRMED and Opinion Filed August 21, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-00539-CV

**GARY LEW MAYPOLE, SR., ET AL., Appellants**
**V.**
**ACADIAN AMBULANCE SERVICE, INC. ET AL., Appellees**

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-11335**

## MEMORANDUM OPINION

Before Justices Bridges, Partida-Kipness, and Carlyle
Opinion by Justice Bridges

Gary Lew Maypole, Sr., individually and as personal representative of the estate of Gary Lew Maypole II, and Tamara Jean Maypole as next friend of H.K.M. and D.T.M. (the Maypoles) appeal the trial court's traditional summary judgment in favor of Acadian Ambulance Service, Inc. and Acadian Ambulance Service of Texas, LLC (Acadian). In a single issue, the Maypoles argue Acadian did not conclusively establish their claims were barred by the statute of limitations. We affirm the trial court's judgment.

On August 30, 2017, the Maypoles filed their original petition alleging negligence, wrongful death, and survival claims against Acadian, the Heart Hospital Baylor Plano, and Baylor Scott & White Health. The petition alleged Gary was admitted to a monitored bed at the Texas Regional Medical Center in Sunnyvale, Texas, on July 12, 2015, after presenting to their

emergency department for shortness of breath due to exacerbation of his heart failure. Gary's condition deteriorated, and his transfer was arranged to Baylor for surgery evaluation. On July 20, 2015, Acadian transported Gary to Baylor ICU where "he was transitioned from Acadian critical care equipment to Baylor equipment." Gary suffered cardiac arrest but was resuscitated; however, he suffered an anoxic brain injury that precluded cardiac surgery. Gary's family subsequently withdrew life support, and he was pronounced dead on July 23, 2015.

On October 16, 2017, Acadian filed an answer alleging, among other things, that the Maypoles' claims were barred by the statute of limitations, and the Maypoles were not entitled to a seventy-five-day tolling of limitations provided by sections 74.051 and 74.052 of the civil practice and remedies code. On October 31, 2017, Acadian filed a traditional motion for summary judgment asserting (1) the statute of limitations accrued on July 20, 2015; (2) on June 12, 2017, the Maypoles sent correspondence to Acadian informing Acadian of counsel's representation and providing a document entitled "HIPAA AUTHORIZATION TO DISCLOSE PROTECTED HEALTH INFORMATION"; (3) on July 11, 2017, the Maypoles again provided Acadian with a copy of the HIPAA medical authorization; (4) the HIPAA medical authorization was materially incomplete and deficient because it failed to comply with the requirements of section 74.052(c) of the civil practice and remedies code; (5) on August 30, 2017, forty-one days after the statute of limitations had run, the Maypoles filed suit against Acadian; and (6) the Maypoles' failure to provide a statutorily compliant medical authorization within the limitations period therefore led to the Maypoles' claims being time-barred.

On February 5, 2018, the Maypoles non-suited Baylor and Scott & White, leaving Acadian as the only defendant. On March 5, 2018, the Maypoles filed a response in which they asserted their medical authorization was "substantially compliant" with sections 74.051 and 74.052 of the civil practice and remedies code; the authorization did not prevent Acadian from obtaining Gary's

medical records; all known healthcare providers were included in the authorization; and this Court's decision in *Mock v. Presbyterian Hospital of Plano*, 379 S.W.3d 391, 394–95 (Tex. App.—Dallas 2012, pet. denied), supported the Maypoles' claim that their authorization was sufficient to support the tolling of limitations. On April 10, 2018, the trial court entered summary judgment in favor of Acadian on the grounds that the Maypoles' claims were barred by limitations. This appeal followed.

In a single issue, the Maypoles argue Acadian did not conclusively establish their claims were barred by the statute of limitations.

We review de novo the trial court's ruling on a motion for summary judgment. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). In a traditional motion for summary judgment, the movant must establish that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). The motion must state the specific grounds relied upon for summary judgment. *Id.* A genuine issue of material fact exists if the nonmovant produces more than a scintilla of probative evidence regarding the challenged element. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). A defendant moving for traditional summary judgment must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish all elements of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant and resolve any doubts in the nonmovant's favor. *Valence Operating Co.*, 164 S.W.3d at 661.

Health care liability claims have a two-year statute of limitations. TEX. CIV. PRAC. & REM. CODE § 74.251(a). The statute of limitations commences from (1) the occurrence of the breach or tort; (2) the last date of the relevant course of treatment; or (3) the last date of the relevant hospitalization. *Mitchell v. Methodist Hosp.*, 376 S.W.3d 833, 835 (Tex. App.—Houston [1st

Dist.] 2012, pet. denied). There is no dispute that the Maypoles filed suit more than two years after their cause of action accrued. The question that is dispositive of this appeal is whether the medical authorization form attached to the Maypoles' presuit notice was effective to toll the limitations period.

A claimant can obtain a seventy-five-day tolling period by complying with certain notice requirements found in Chapter 74 of the Texas Civil Practice and Remedies Code. The two-year limitations period is tolled for a period of seventy-five days if the claimant provides both the notice and medical authorization form required by Chapter 74. TEX. CIV. PRAC. & REM. CODE § 74.051(a), (c); *see also Carreras v. Marroquin*, 339 S.W.3d 68, 74 (Tex. 2011) ("[F]or the statute of limitations to be tolled in a health care liability claim pursuant to Chapter 74, a plaintiff must provide both the statutorily required notice and the statutorily required authorization form."). The notice requirements provide, in relevant part:

> Any person or his authorized agent asserting a health care liability claim shall give written notice of such claim by certified mail, return receipt requested, to each physician or health care provider against whom such claim is being made at least 60 days before the filing of a suit in any court of this state based upon a health care liability claim. The notice must be accompanied by the authorization form for release of protected health information as required under Section 74.052.

TEX. CIV. PRAC. & REM. CODE § 74.051(a). Section 74.052 prescribes the "Authorization Form for Release of Protected Health Information," stating:

> Notice of a health care claim under Section 74.051 must be accompanied by a medical authorization in the form specified by this section. Failure to provide this authorization along with the notice of health care claim shall abate all further proceedings against the physician or health care provider receiving the notice until 60 days following receipt by the physician or health care provider of the required authorization.

*Id.* § 74.052(a). Section 74.052(c) states that the required medical authorization form "shall be in the following form," and it proceeds to give the text of the form, with several blanks to be filled in with information specific to the claimant's claim. *Id.* § 74.052(c). Thus, the seventy-five-day

tolling period is triggered if the claimant gives notice "as provided" in Chapter 74. *Id.* § 74.051(c). A medical form that does not contain the statutorily required information of section 74.052 does not toll the statute of limitations when the missing information "interferes with the statutory design to enhance the opportunity for presuit investigation, negotiation, and settlement." *See Mitchell*, 376 S.W.3d at 837–38 (because plaintiffs' medical authorization form "neglected to comply with both the treating-physicians-disclosure requirement and the authorization-to-obtain-records requirement," presuit notice was insufficient to toll limitations).

The notice and authorization form are intended to afford the defendant the ability to investigate the claim and resolve it prior to protracted litigation. TEX. CIV. PRAC. & REM. CODE § 74.052; *Myles v. St. Luke's Episcopal Hosp.*, 468 S.W.3d 207, 209 (Tex. App.—Houston [14th Dist.] 2015, pet. denied). The authorization form grants the defendant physician or health care provider authorization to disclose the plaintiff's medical records. TEX. CIV. PRAC. & REM. CODE § 74.052. The notice and medical authorization form encourage presuit investigation, negotiation, and settlement of health care liability claims. *See Carreras*, 339 S.W.3d at 73 ("The Legislature intended that 'by requiring a potential claimant to authorize the disclosure of otherwise privileged information sixty days before suit is filed, the statute [would] provide[ ] an opportunity for health care providers to investigate claims and possibly settle those with merit at an early stage.'").

Here, the Maypoles sent notice of their health care liability claims and the medical authorization form on June 12, 2017. In places, the Maypoles' form partially tracks the statutorily prescribed text. *See* TEX. CIV. PRAC. & REM. CODE § 74.052(c). However, the form must identify the plaintiff's treating physicians for the five years before "the incident made the basis of the accompanying Notice of Health Care Claim" and authorize the defendants to obtain the plaintiff's medical records from these physicians. *Id.* The form also must indicate "none" or list the name

of each physician or health care provider to whom the authorization does not apply and the inclusive dates of examination, evaluation, or treatment to be withheld from disclosure. *Id.*

As Acadian points out, the Maypoles' form deviates from section 74.052(c) in at least two ways: (1) it does not identify Gary's treating physicians for the five years before "the incident made the basis of the accompanying Notice of Health Care Claim" and (2) it does not identify the physicians to whom the authorization does not apply. *See id.* The Maypoles argue that the seventy-five-day tolling provision should nonetheless apply because their form substantially complied with section 74.052. The Maypoles downplay the significance of the missing information and argue the authorization "allowed access to [Gary's] otherwise-confidential medical records from his treatment at Texas Regional Medical Center in Sunnyvale and The Heart Hospital in Plano."

Acadian argues that, while the authorization allowed access to records of these two entities, the authorization failed to list any providers who treated Gary in the five years preceding the underlying claim. Citing an affidavit attached to the Maypoles' original petition, Acadian points out that Gary had a "past medical history of deep venous thrombosis, pulmonary embolism, factor 5 Leiden deficiency, congestive heart failure (CHF), and chronic back pain." Acadian cites Gary's Baylor admission record which, under the heading "History of Present Illness," lists "PCP - Dr. David Carlson, Cardiologist - Dr. Mohammed Khan, Pain management – Dr. Shaw" as treating physicians. Acadian argues the Maypoles were required to list these health care providers on the authorization in order to comply with section 74.052.

The importance of disclosing the plaintiff's treating physicians for the previous five years has been discussed previously. *See Mitchell*, 376 S.W.3d at 838. The *Mitchell* court noted that the plaintiff's failure to include this information rendered the authorization form insufficient to toll the limitations period. *Id.* The court stated that "[t]he notice requirement's purpose of obtaining

information is not fulfilled if [the defendant] is deprived of the opportunity to explore [the plaintiff's] past medical history, including these preexisting conditions, for purposes of evaluating (and potentially settling) his claim." *Id.* By excluding this information, the Maypoles' medical authorization form failed to substantially comply with sections 74.051 and 74.052. We agree that the missing information in this case interfered with the statutory design to enhance presuit investigation, negotiation, and settlement and that therefore the form was insufficient to toll the statute of limitations. *See id.*

The Maypoles point to *Mock v. Presbyterian Hospital of Plano*, 379 S.W.3d 391, 394 (Tex. App.—Dallas 2012, pet. denied), a case in which the plaintiffs sent notice and provided the statutorily prescribed authorization form, but completed one of the blanks incorrectly by entering the name of the defendant physician's attorney, rather than the physician. The plaintiff properly entered the physician's name in four similar fields. *Id.* at 395 n.2. A panel of this Court held that the form was effective to trigger the tolling provision, despite the mistake. *Id.* at 395 ("Although one blank was filled out incorrectly in what appears to have been an inadvertent mistake, the medical authorization form utilized complied with the statutory requirements, satisfied the legislative purpose, and triggered the tolling of the limitations period."). Unlike the plaintiff in Mock, the Maypoles completely failed to identify Gary's treating physicians for the previous five years and also the physicians to whom the authorization did not apply.

Also in reliance on *Mock*, the Maypoles argue the statutory remedy for "(allegedly) insufficient authorizations" is abatement, not dismissal. *See id.* at 394–95. The Court in Mock did not rule on the issue of abatement and instead concluded the authorization in that case was sufficient to toll the statute of limitations. *See id.* at 395. Thus, the Maypoles' reliance on *Mock* is misplaced. Further, the Texas Supreme Court has determined that the reference to abatement in section 74.052 "does not set a deadline by which plaintiffs must abide." *Carreras*, 339 S.W.3d at

73. Calling such an interpretation "absurd," the court reasoned "the abatement could continue at the plaintiff's leisure until sixty days after the plaintiff chooses to provide the defendant with an authorization." *Id.* The court concluded "It is not reasonable to interpret a statute which is meant to provide speedy resolution of meritorious health care liability claims and quick dismissal of nonmeritorious claims to allow a lengthy or indefinite delay of the resolution of a health care liability claim." *Id.* In contrast, the court clarified the circumstances in which abatement would be proper:

> abatement has a use in situations in which the tolling provision is not at issue. If notice is provided without an authorization well within the statute of limitations, and the case could be filed sixty days later and still fall within the limitations period, the defendant's statutory remedy is to halt proceedings until an authorization form is received. The abatement remedy fulfills that purpose.

Id. at 73–74. Thus, we conclude the proper remedy under the facts and circumstances of this case was dismissal, not abatement. *See id.*

Accordingly, the trial court properly granted summary judgment in favor of Acadian because the limitations period expired before the Maypoles filed their lawsuit, and the medical authorization form was not sufficient to toll this period. We overrule the Maypoles' sole issue.

We affirm the trial court's judgment.


/David L. Bridges/
DAVID L. BRIDGES
JUSTICE


180539F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

GARY LEW MAYPOLE, SR., ET AL.,
Appellants

No. 05-18-00539-CV          V.

ACADIAN AMBULANCE SERVICE,
INC. ET AL., Appellees

On Appeal from the 44th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-17-11335.
Opinion delivered by Justice Bridges.
Justices Partida-Kipness and Carlyle
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellees Acadian Ambulance Service, Inc., and Acadian
Ambulance Service of Texas, LLC recover their costs of this appeal from appellants Gary Lew
Maypole, Sr., individually and as personal representative of the estate of Gary Lew Maypole II,
and Tamara Jean Maypole as next friend of H.K.M. and D.T.M.

Judgment entered August 21, 2019.