**Affirmed and Opinion filed August 23, 2018.**



In The

# Fourteenth Court of Appeals

## NO. 14-17-00265-CV

**GWENDOLYN GALLOWAY, MITCHELL IRWIN, AND CLAYTON IRWIN, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF MARY ANN IRWIN, DECEASED, Appellants**

**V.**

**ATRIUM MEDICAL CENTER, L.P., SHAHID Q. MALLICK, AND SYED ZAIDI, Appellees**

**On Appeal from the 434th Judicial District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 14-DCV-212172**

## O P I N I O N

Appellants Gwendolyn Galloway, Mitchell Irwin, and Clayton Irwin sued appellees Atrium Medical Center, L.P., Shahid Q. Mallick, and Syed Zaidi asserting healthcare liability claims arising from Mary Ann Irwin's death. The trial court granted appellees' summary judgment motions and held that appellants' claims were barred by the applicable two-year statute of limitations. For the reasons below, we affirm.

BACKGROUND

Mary Ann Irwin was a patient at Atrium Medical Center on November 16, 2011, when she fell and suffered injuries. She died on January 6, 2012.

Appellants are Mary Ann Irwin's children. They retained counsel to sue appellees for claims arising from Mary Ann Irwin's death. Before filing suit, appellants mailed to each appellee the statutorily required notice and authorization form on November 14, 2013. All three mailings contained the same notice letter and authorization form and were attached as exhibits to appellees' summary judgment motions.

In relevant part, the mailed authorization form states as follows.

1. The health information in the custody of the following physicians or health care providers who have examined, evaluated, or treated **Mary Ann Irwin** in connection with the injuries alleged to have been sustained in connection with the claim asserted in the accompanying Notice of Health Care Claim. (Here list the name and current address of all treating physicians or health care providers). This authorization shall extend to any additional physicians or health care providers that may in the future evaluate, examine, or treat **Mary Ann Irwin** for injuries alleged in connection with the claim made the basis of the attached Notice of Health Care Claim;

2. The health information in the custody of the following physicians or health care providers who have examined, evaluated, or treated **Mary Ann Irwin** during a period commencing five years prior to the incident made the basis of the accompanying Notice of Health Care Claim. (Here list the name and current address of such physicians or health care providers, if applicable.)

Appellants sued appellees on January 29, 2014. Each appellee filed an individual motion for traditional summary judgment asserting that (1) appellants' claims were barred by the applicable two-year statute of limitations; and (2) the authorization form mailed with appellants' notice letter failed to list two categories of health care providers

as required by statute and did not toll the limitations period. The trial court denied appellees' summary judgment motions.

Appellees filed a "Joint Motion for Reconsideration on Defendants' Motions for Summary Judgment" in June 2014, again asserting that appellants' claims were barred by the statute of limitations. The trial court denied appellees' joint motion for reconsideration in an order signed October 16, 2014.

Appellees filed a "Second Joint Motion for Reconsideration on Defendants' Motions for Summary Judgment" in December 2016, asserting the same limitations arguments. Appellees' second joint motion for reconsideration cited two cases issued after the trial court denied appellees' first joint motion for reconsideration; appellees asserted these cases supported their argument that appellants' authorization form did not toll the applicable limitations period. *See Borowski v. Ayers*, 524 S.W.3d 292, 303-04 (Tex. App.—Waco 2016, pet. denied); *Johnson v. PHCC-Westwood Rehab. & Health Care Ctr., LLC*, 501 S.W.3d 245, 251-52 (Tex. App.—Houston [1st Dist.] 2016, no pet.).

The trial court granted appellees' second joint motion for reconsideration in an order signed March 10, 2017. Appellants timely appealed.

## STANDARD OF REVIEW

We review *de novo* a trial court's order granting a traditional summary judgment. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Mayer v. Willowbrook Plaza Ltd. P'ship*, 278 S.W.3d 901, 908 (Tex. App.—Houston [14th Dist.] 2009, no pet.). When reviewing a summary judgment, we examine the record in the light most favorable to the nonmoving party, indulging every reasonable inference and resolving any doubts in the nonmoving party's favor. *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015).

The party moving for traditional summary judgment bears the burden of establishing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). A party seeking summary judgment on the affirmative defense of limitations must conclusively prove all essential elements of its defense. *Sharp v. Kroger Tex. L.P.*, 500 S.W.3d 117, 119 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

### ANALYSIS

Appellants assert that the trial court erred in granting appellees' motions for summary judgment because (1) the authorization form mailed with appellants' pre-suit notice substantially complied with statutory requirements and tolled the applicable statute of limitations; and (2) the trial court had no basis to retroactively apply the additional cases cited in appellees' second joint motion for reconsideration.

We address these contentions in turn.

## I. Statute of Limitations

Appellants do not dispute that they filed suit against appellees more than two years after their causes of action accrued. Appellants assert that the statute of limitations applicable to their claims is tolled because the authorization form mailed to appellees "substantially complied" with statutory requirements.

Health care liability claims are governed by a two-year statute of limitations. Tex. Civ. Prac. & Rem. Code Ann. § 74.251(a) (Vernon 2017). The limitations period commences from (1) the occurrence of the breach or tort; (2) the last date of the relevant course of treatment; or (3) the last date of the relevant hospitalization. *Myles v. St. Luke's Episcopal Hosp.*, 468 S.W.3d 207, 208 (Tex. App.—Houston [14th Dist.] 2015, pet. denied).

4

A plaintiff may toll the two-year limitations period for 75 days by mailing to the defendant written notice of the plaintiff's health care liability claim and an authorization form for the release of protected health information. Tex. Civ. Prac. & Rem. Code Ann. § 74.051(a), (c) (Vernon 2017); *see also Jose Carreras, M.D., P.A. v. Marroquin*, 339 S.W.3d 68, 74 (Tex. 2011) ("[F]or the statute of limitations to be tolled in a health care liability claim pursuant to Chapter 74, a plaintiff must provide both the statutorily required notice and the statutorily required authorization form."). The notice and authorization form must be sent at least 60 days before filing suit. Tex. Civ. Prac. & Rem. Code Ann. § 74.051(a).

When appellants mailed the notice and authorization form to appellees in November 2013, the 2003 version of section 74.052 prescribed the authorization form's requirements. *See* Act of June 11, 2003, 78th Leg., R.S., ch. 204, § 10.01, 2003 Tex. Gen. Laws 864, 867-68 (amended 2017) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 74.052).[1] Section 74.052 provided that the required medical authorization "shall be in the following form" and gave the text of the form with several blanks to be filled in with information specific to the plaintiff's claim. *Id*. Section 74.052 required the plaintiff to provide the names and current addresses for two categories of health care providers: those who (1) provided treatment in connection with the injuries alleged to have been sustained in connection with the health care liability claim; and (2) provided treatment to the allegedly injured patient during a period commencing five years prior to the incident made the basis of the health care liability claim.[2] *Id*.

"The notice and authorization form encourage pre-suit investigation, negotiation, and settlement of health care liability claims." *Johnson*, 501 S.W.3d at

---

[1] Throughout the opinion we refer to the statute as "section 74.052."

[2] The current version of section 74.052 imposes the same disclosure requirements with respect to these two categories of health care providers. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.052 (Vernon Supp. 2017).

250; *see also Marroquin*, 339 S.W.3d at 73. A medical authorization form that fails to include the information described in section 74.052 does not toll the statute of limitations when the missing information "interferes with the statutory design to enhance the opportunity for pre-suit investigation, negotiation, and settlement." *Mitchell v. Methodist Hosp.*, 376 S.W.3d 833, 837 (Tex. App.—Houston [1st Dist.] 2012, pet. denied).

The statute of limitations is not tolled if the authorization form fails to list or provides an incomplete list of the health care providers that provided treatment in connection with the injuries alleged to have been sustained in connection with the health care liability claim. *See Johnson*, 501 S.W.3d at 251-52; *see also Broderick v. Universal Health Servs., Inc.*, No. 05-16-01379-CV, 2018 WL 1835689, at *5-6 (Tex. App.—Dallas Apr. 18, 2018, no pet.) (mem. op.); *Walthour v. Advanced Dermatology*, No. 14-17-00332-CV, 2018 WL 1725904, at *3-4 (Tex. App.—Houston [14th Dist.] Apr. 10, 2018, no pet.) (mem. op.).

Similarly, the statute of limitations is not tolled if the authorization form omits the list of health care providers that provided treatment during a period commencing five years prior to the incident made the basis of the health care liability claim. *See Borowski*, 524 S.W.3d at 303-04; *Myles*, 468 S.W.3d at 210-11; *see also Nicholson v. Shinn*, No. 01-07-00973-CV, 2009 WL 3152111, at *5-6 (Tex. App.—Houston [1st Dist.] Oct. 1, 2009, no pet.) (mem. op.).

Contrary to section 74.052's directive, appellants' authorization form did not list the health care providers who (1) provided treatment to Mary Ann Irwin in connection with the injuries alleged to have been sustained in connection with the health care liability claim; and (2) provided treatment to Mary Ann Irwin during a period commencing five years prior to the incident made the basis of the health care liability claim. *See* Act of June 11, 2003, 78th Leg., R.S., ch. 204, § 10.01, 2003 Tex. Gen.

6

Laws 864, 867-68 (amended 2017).

These defects frustrated the purpose behind section 74.052's disclosure requirements and hindered appellees' ability to engage in pre-suit investigation, negotiation, and settlement with respect to appellants' claims. *See Marroquin*, 339 S.W.3d at 73; *see also Johnson*, 501 S.W.3d at 250. Because of these defects, appellants' notice letter and authorization form did not toll the applicable statute of limitations. *See Borowski*, 524 S.W.3d at 303-04; *Johnson*, 501 S.W.3d at 251-52; *Myles*, 468 S.W.3d at 210-11.

Appellants assert that "[t]here is no evidence that [appellees] were in any way deprived of the opportunity to explore [Mary Ann Irwin's] past medical history . . . for the purposes of evaluating and potentially settling" appellants' claims. A similar argument was rejected in *Myles*, 468 S.W.3d at 210-11. *See also Borowski*, 524 S.W.3d at 305-06 (citing *Myles*, the court rejected the plaintiffs' argument that the defendants "did not present any evidence that the [errors in the] authorization form actually hindered their ability to obtain medical records or otherwise evaluate [the plaintiffs'] claim"). Appellants do not cite any cases holding that the summary judgment movant must show that deviation from section 74.052's requirements hindered investigative and settlement efforts. We decline to impose that requirement here.

Appellants also assert that they "substantially complied" with section 74.052's requirements and cite *Mock v. Presbyterian Hospital of Plano*, 379 S.W.3d 391 (Tex. App.—Dallas 2012, pet. denied), and *Butler v. Taylor*, 981 S.W.2d 742 (Tex. App.—Houston [1st Dist.] 1998, no pet.).

The plaintiffs in *Mock* sent notice of their claim to the defendants and provided the required authorization form, but incorrectly completed one of the authorization form's blanks. *Mock*, 379 S.W.3d at 394. The plaintiffs correctly completed the blank in four similar fields on the authorization form. *Id*. at 395 n.2. The court held that,

"[a]lthough one blank was filled out incorrectly in what appears to have been an inadvertent mistake," the authorization form was effective to toll the statute of limitations. *Id*. at 395.

The plaintiff in *Butler* sent notice of her claim by Express Mail instead of certified mail as required by statute. *Butler*, 981 S.W.2d at 742-43. The court concluded that the plaintiff "substantially complied with the statute" as necessary to toll the limitations period. *Id*. at 744.

The deficiencies in appellants' authorization form are more significant than those at issue in *Mock* and *Butler*. The plaintiffs in *Mock* and *Butler* incorrectly filled out a single blank and selected the wrong mailing service, respectively. *Mock*, 379 S.W.3d at 394-95; *Butler*, 981 S.W.2d at 742-43. Here, appellants failed to list two categories of health care providers relevant to their health care liability claims. Appellants misplaced their reliance on *Mock* and *Butler*.

We conclude that appellants' authorization form did not toll the statute of limitations applicable to appellants' health care liability claims.

## II.      Retroactive Application of Certain Cases

In their "Second Joint Motion for Reconsideration on Defendants' Motions for Summary Judgment," appellees cited *Borowski* and *Johnson* to support their argument that the defects in appellants' medical authorization form foreclosed tolling the statute of limitations. *See Borowski*, 524 S.W.3d at 303-04; *Johnson*, 501 S.W.3d at 251-52. *Borowski* and *Johnson* were issued after the trial court denied the appellees' "First Joint Motion for Reconsideration on Defendants' Motions for Summary Judgment."

Appellants assert that "[t]hese decisions, issued nearly three years after litigation first commenced and over two years after the trial court had already denied Appellees' efforts to dismiss [appellants'] claims should never have been applied retroactively."

8

To support this contention, appellants cite *Carrollton-Farmers Branch Independent School District v. Edgewood Independent School District*, 826 S.W.2d 489 (Tex. 1992).

Judicial decisions generally apply retroactively. *Engelman Irrigation Dist. v. Shield Bros., Inc.*, 514 S.W.3d 746, 748 (Tex. 2017); *Baker Hughes, Inc. v. Keco R. & D., Inc.*, 12 S.W.3d 1, 4 (Tex. 1999). The supreme court in *Carrollton-Farmers Branch Independent School District* discussed and applied the *Chevron* analysis to determine whether its judicial decision would have only prospective application. *Carrollton-Farmers Branch Indep. Sch. Dist.*, 826 S.W.2d at 515-521 (applying *Chevron Oil Co. v. Huson*, 404 U.S. 97, 105-09 (1971)). The *Chevron* analysis is a three-step process:

> First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed.
>
> Second, . . . [the court] must . . . weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation.
>
> Finally, [the court must] weig[h] the inequity imposed by retroactive application, for where a decision of [the court] could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the injustice or hardship by a holding of nonretroactivity.

*Id*. at 518 (quoting *Chevron Oil Co.*, 404 U.S. at 106-07).

We assume without deciding that the trial court relied on *Borowski* and *Johnson* in granting appellees' "Second Joint Motion for Reconsideration on Defendants' Motions for Summary Judgment." We conclude that *Borowski* and *Johnson* did not "establish a new principle of law" as necessary to limit the decisions' application under *Chevron*.

When appellants mailed to appellees the notice and authorization form in November 2013, at least three cases already had determined that failure to comply with

9

section 74.052's medical authorization form requirements foreclosed tolling the statute of limitations. *See Brannan v. Toland*, No. 01-13-00051-CV, 2013 WL 4004472, at *3 (Tex. App.—Houston [1st Dist.] Aug. 6, 2013, pet. denied) (mem. op.); *Mitchell*, 376 S.W.3d at 837; *Nicholson*, 2009 WL 3152111, at *5-6; *see also Marroquin*, 339 S.W.3d at 74 ("[F]or the statute of limitations to be tolled in a health care liability claim . . . , a plaintiff must provide both the statutorily required notice and the statutorily required authorization form."). *Borowski* and *Johnson* — which also conclude that failure to comply with section 74.052's requirements prevents tolling the limitations period — did not establish a "new principle of law" as necessary to limit the decisions' retroactive application. *See Carrollton-Farmers Branch Indep. Sch. Dist.*, 826 S.W.2d at 515-521; *Borowski*, 524 S.W.3d at 303-04; *Johnson*, 501 S.W.3d at 251-52.

We overrule appellants' argument challenging the retroactive application of *Borowski* and *Johnson*.

## CONCLUSION

We affirm the trial court's March 10, 2017 order granting appellees' "Second Joint Motion for Reconsideration on Defendants' Motions for Summary Judgment."

/s/    William J. Boyce
       Justice

Panel consists of Justices Boyce, Jamison, and Brown.

10