

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00109-CV

———————————————

MARGARET ANN COLIA, INDIVIDUALLY AND AS REPRESENTATIVE OF
THE ESTATE OF MILTON COLIA, Appellant

V.

SCOTT EWING, D.O., Appellee

On Appeal from the 342nd District Court
Tarrant County, Texas
Trial Court No. 342-298286-18

Before Sudderth, C.J.; Gabriel and Womack, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

In a single issue, Appellant Margaret Ann Colia, individually and as representative of the Estate of Milton Colia, appeals the trial court's order granting Appellee Scott Ewing, D.O.'s motion for summary judgment and entering a take-nothing judgment in Dr. Ewing's favor. Because Margaret's claim is barred by limitations, we affirm the trial court's order.

## Background

Milton died shortly after leaving Texas Health Harris Methodist Hospital (Harris) in Fort Worth under the care of Dr. Ewing. Dr. Ewing had performed a heart catheterization and had placed a stent in one of Milton's arteries on November 27, 2015, after Milton had suffered a heart attack and was transferred to Harris from a local urgent care center. Milton died on December 1, 2015, just two days after his November 29 discharge from Harris.

On February 1, 2017, Margaret sent notice of a wrongful death claim and a medical authorization form to Dr. Ewing and his insurance carrier. The authorization form authorized the release of Milton's protected health information from Harris, but it did not list any physicians or health care providers (other than Dr. Ewing) who had examined, evaluated, or treated Milton in connection with his heart attack, or who had examined, evaluated, or treated him in the five years prior to his death. On August 28, 2017, Margaret filed a wrongful death lawsuit in the estate proceeding then pending in an El Paso probate court. In response, Dr. Ewing sought to transfer

venue of the suit to Tarrant County. His motion was granted, and the wrongful death suit was ordered transferred to Tarrant County. Shortly thereafter, Margaret dismissed her suit only to refile the identical lawsuit in a county court at law in El Paso on February 9, 2018—two years and two months after Milton's death. The county court at law also transferred the new lawsuit to Tarrant County.

Recognizing that the new filing date of February 9, 2018, was past the two-year statute of limitations governing health care liability claims, Dr. Ewing filed for traditional summary judgment. The trial court eventually[1] granted Dr. Ewing's motion and entered a take-nothing judgment.

## Discussion

In a single issue, Margaret argues that the trial court erred by granting Dr. Ewing's motion for summary judgment and dismissing her lawsuit as time-barred.

## I. Standard of review

We review a summary judgment de novo. *Travelers Ins. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable

---

[1]The trial court conducted a hearing on the motion on June 22, 2018, and then denied the motion but stated that it would give Dr. Ewing permission to pursue a permissive interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014. But the trial court's order did not comply with the strict jurisdictional requirements of section 51.014(d) and the permissive appeal was therefore dismissed by this court. *See Ewing v. Colia*, No. 02-18-00315-CV, 2018 WL 5289380, at *1–2 (Tex. App.—Fort Worth Oct. 25, 2018, no pet.) (mem. op.). Following our dismissal of the attempted appeal, the trial court vacated its prior order and entered a new order granting Dr. Ewing's motion for traditional summary judgment.

to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all elements of that defense. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508–09 (Tex. 2010); *see* Tex. R. Civ. P. 166a(b), (c). To accomplish this, the defendant must present summary-judgment evidence that conclusively establishes each element of the affirmative defense. *See Chau v. Riddle*, 254 S.W.3d 453, 455 (Tex. 2008).

## II. Dr. Ewing's affirmative defense of limitations

Dr. Ewing moved for traditional summary judgment on the basis that Margaret's wrongful death suit was filed after the applicable two-year statute of limitations had expired. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.251(a) ("[N]o health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed."). Applying this two-year statute of limitations, Margaret's deadline to file suit was November 29, 2017.

4

In an attempt to avoid the limitations bar, Margaret relied upon a tolling provision in Chapter 74 that allows limitations to be tolled for 75 days if a plaintiff gives notice of her health care liability claim, with an attached medical authorization form, in accordance with the chapter. *See id.* § 74.051(c). If applicable, this tolling provision would have extended Margaret's filing deadline beyond her February 2, 2018 filing date.

But the medical authorization form provided by Margaret did not comply with Chapter 74's requirements. Chapter 74 provides a specific form to be used for the medical authorization. *Id.* § 74.052(c). Although Margaret used the correct form, she did not provide the names and addresses of all treating physicians or health care providers who had "examined, evaluated, or treated" Milton in connection with the injuries he had sustained in connection with his health care liability claim, nor did she provide the names and addresses of any providers who had "examined, evaluated, or treated" Milton in the five-year period prior to Dr. Ewing's treatment of him. Both are required by Section 74.052(c). *See id.*

Margaret argues on appeal that she "substantially complied" with the statute and provided Dr. Ewing and his insurance carrier with Milton's medical records. But the requirements of the statute are clear—the medical authorization form must include a list of treating physicians: those who treated the claimant in relation to the incident giving rise to liability and those who treated the claimant in the five years prior. *Id.* Several of our sister courts have held that the failure to provide a complete

5

list of health care providers as required by the statute precludes a plaintiff from relying on the tolling provision, and they have rejected substantial-compliance arguments similar to Margaret's. *See, e.g.*, *Galloway v. Atrium Med. Ctr., L.P.*, 558 S.W.3d 316, 320–21 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *Davenport v. Adu-Lartey*, 526 S.W.3d 544, 552 (Tex. App.—Houston [1st Dist.] 2017, pet. denied); *Borowski v. Ayers*, 524 S.W.3d 292, 301–03 (Tex. App.—Waco 2016, pet. denied).

For example, in *Galloway*, the decedent's estate and children sued medical providers for health care liability claims arising from the decedent's death. 558 S.W.3d at 316. The medical authorization form provided by the plaintiffs did not list (1) the health care providers who had provided treatment to the decedent in connection with the injuries alleged to have been sustained in connection with the health care liability claim and (2) the health care providers who had provided treatment to the decedent during a period commencing five years prior to the incident made the basis of the health care liability claim. *Id.* at 321. The Fourteenth Court held that "[t]hese defects frustrated the purpose behind section 74.052's disclosure requirements and hindered appellees' ability to engage in pre-suit investigation, negotiation, and settlement with respect to appellants' claims." *Id.; see also Davenport*, 526 S.W.3d at 552–53 (explaining that omission of treating-physician information could interfere with a defendant's ability to investigate the plaintiff's claims); *Borowski*, 524 S.W.3d at 301–03 (collecting cases and holding that "failing to list any of the names and addresses of a patient's treating physicians or health care providers during

6

the five years before the incident made the basis of the notice of health care claim seriously hinders the statutory design to enhance pre-suit investigation, negotiation, and settlement").[2]   The court rejected the appellants' arguments that they had "substantially complied" with Section 74.052's requirements and held that the appellants' authorization form did not toll the statute of limitations. *Id.* at 322; *see also Davenport*, 526 S.W.3d at 552–53 (rejecting similar argument); *Borowski*, 524 S.W.3d at 301–03 (same).

We agree with the reasoning of our sister courts.  The language of Sections 74.051 and .052 is clear. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 74.051(a) (requiring that the notice "must be accompanied by" an authorization form "as required under Section 74.052"), .052 (stating that the authorization form "shall" be in the "following form," which requires lists of treating physicians and medical providers).  We are required to apply those words as written and according to their common meaning. *See State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006).  The failure or refusal to provide a medical authorization form listing the physicians or health care providers who

---

[2]Margaret's reliance on *Mock v. Presbyterian Hosp. of Plano*, 379 S.W.3d 391 (Tex. App.—Dallas 2012, pet. denied), and *Rabatin v. Kidd*, 281 S.W.3d 558 (Tex. App.—El Paso 2008, no pet.), are misplaced.  In *Mock*, the authorization form contained one improperly-completed blank but otherwise "complied with the statutory requirements."  379 S.W.3d at 395.  *Rabatin* was decided prior to the Texas Supreme Court's decision in *Carreras v. Marroquin*, 339 S.W.3d 68 (Tex. 2011), which clarified the requirements plaintiffs must meet to avail themselves of the tolling provision in Chapter 74.  *See also Borowski*, 524 S.W.3d at 300–01 (discussing *Mock* and *Rabatin* and distinguishing them from the situation of a medical authorization that fails to completely list treating physicians).

7

examined, evaluated, or treated the patient in the five years leading up to the alleged event of liability, and those who examined, evaluated, or treated the patient in connection with that event, poses a risk of undermining the defendant's ability to investigate the claims, negotiate a fair settlement, and ultimately defend itself. *See Galloway*, 558 S.W.3d at 321; *Davenport*, 526 S.W.3d at 552–53; *Borowski*, 524 S.W.3d at 301–03. Accordingly, we overrule Margaret's only issue and affirm the trial court's order granting summary judgment in favor of Dr. Ewing.

## Conclusion

Having overruled Margaret's only issue, we affirm the trial court's judgment.

/s/ Bonnie Sudderth
Bonnie Sudderth
Chief Justice

Delivered: January 16, 2020