# NO. 12-20-00240-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *EDUARDO TANHUI, M.D. AND EAST TEXAS MEDICAL SPECIALTIES, P.A., APPELLANTS* | *§* | *APPEAL FROM THE 145TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *MINNIE RHODES-MADISON, APPELLEE* | *§* | *NACOGDOCHES COUNTY, TEXAS* |

## MEMORANDUM OPINION

Eduardo Tanhui, M.D. and East Texas Medical Specialties, P.A. (collectively "Appellants") appeal the trial court's denial of their summary judgment motion. In two issues, Appellants urge Minnie Rhodes-Madison's claim is barred by the statute of limitations and the trial court erred in denying their motion for summary judgment. We reverse and render.

## BACKGROUND

Rhodes-Madison, who had a history of lower back pain and leg pain, was a patient of Dr. Tanhui from 2012 through early 2016. He diagnosed her with lumbar spinal stenosis and radiculopathy and treated her with injections of the lumbar spine. On February 2, 2016, Dr. Tanhui attempted, unsuccessfully, to implant a spinal cord stimulator. After the attempted procedure, Rhodes-Madison experienced severe left leg pain and weakness, causing difficulty walking. In contrast to her condition before the attempted procedure, after the attempt she can no longer independently perform the activities of daily living. She underwent spinal surgery, performed by a different doctor, on April 25, 2016.

On April 18, 2018, Rhodes-Madison sued Dr. Tanhui and East Texas Medical Specialties, P.A. for negligence, seeking damages and exemplary damages caused by the

1

February 2, 2016 attempted procedure. She alleged that Dr. Tanhui failed to order appropriate preoperative imaging, failed to immediately terminate the procedure upon encountering the very tight epidural space, repeatedly attempted to implant the spinal cord stimulator although her anatomy rendered her unsuitable for the device, attempted to perform a procedure for which he lacked the requisite skill, and caused injury and permanent disability. She alleged that East Texas Medical Specialties, P.A. is vicariously liable for Dr. Tanhui's breach of the duty of care.

Prior to filing suit, Rhodes-Madison provided Appellants with the required pre-suit notice and medical authorization form. However, the authorization failed to list Dr. Blaise Ferraraccio, a neurologist who treated Rhodes-Madison both before and in connection with the injuries claimed to be a result of the February 2, 2016 procedure. Appellants filed a motion for summary judgment arguing that Rhodes-Madison's suit is barred by the statute of limitations. Appellants urged that because the authorization form was incomplete, Rhodes-Madison could not claim the benefit of tolling of the statute of limitations. Rhodes-Madison argued that her notice "substantially complied" with the statutory requirements. Following a hearing, the trial court agreed with Rhodes-Madison and denied Appellants' motion for summary judgment. The trial court further found that the case was suitable for interlocutory appeal.[1]

Appellants sought permission to appeal from the trial court's order denying summary judgment. Rhodes-Madison argued that the trial court did not expressly rule on a controlling issue of law and, therefore, this Court lacks jurisdiction.[2] We granted Appellants' petition for interlocutory appeal.

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d) (West Supp. 2020).

[2] In its order granting summary judgment and permission to appeal, the trial court noted that the legal question before it is: "What is the effect of the [] omission of Dr. Ferraracio under … [Sections] 74.051-052." The court concluded that substantial compliance precludes abatement and dismissal, but further stated as follows:

> The Court, however, GRANTS permissive interlocutory appeal pursuant to TEX. CIV. PRAC. & REM. CODE § 51.014 and TEX. R. CIV. P. 168. The Court FINDS that these rulings on summary judgment and abatement involve a controlling question of law on which there is substantial ground for difference of opinion, specifically what is the legal test for compliance under TEX. CIV. PRAC. & REM. CODE §§ 74.051-052, and more specifically, what is the zone of "substantial compliance", and yet more specifically, whether the omission of a single provider requires dismissal and/or abatement. The Court further Finds that an immediate appeal of this Order may materially advance the ultimate termination of this litigation. If Court of Appeals finds that the law is as Defendants urge, then any trial of this case would be a futility. Further, current hiatus of jury trials in light of COVID-19, now would appear to be good time to go ahead and get this issue resolved one way or the other.

Appellants urge the trial court erred in denying their motion for summary judgment. In their first issue, Appellants contend Rhodes-Madison's authorization was defective and "substantial compliance" does not apply; therefore, as a result, her authorization failed to toll the statute of limitations and her case should be dismissed.

## Standard of Review

We review a summary judgment de novo. *Travelers Ins. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all elements of that defense. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508–09 (Tex. 2010); *see* TEX. R. CIV. P. 166a(b), (c). To accomplish this, the defendant must present summary-judgment evidence that conclusively establishes each element of the affirmative defense. *See Chau v. Riddle*, 254 S.W.3d 453, 455 (Tex. 2008).

## Applicable Law

A health care-liability claim has a two-year limitations period. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(a) (West 2017). Plaintiffs asserting health care liability claims must provide at least 60 days' notice to each physician or health care provider against whom a claim is made before filing suit. *Id.* § 74.051(a) (West 2017). Notice provided under Section 74.251(a) tolls the limitations period for 75 days. *See id.*; *Rowntree v. Hunsucker*, 833 S.W.2d 103, 104 n.2 (Tex. 1992); *see Rubalcaba v. Kaestner*, 981 S.W.2d 369, 373 (Tex. App.–Houston [1st Dist.] 1998, pet. denied). A medical-records release form that complies with Section 74.052 must accompany the notice. TEX. CIV. PRAC. & REM. CODE ANN. § 74.051(e); *Tex. W. Oaks Hosp., LP v. Williams*, 371 S.W.3d 171, 189 (Tex. 2012).

---

The trial court expressly ruled on a question of law. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d) (West Supp. 2019); *see also* TEX. R. CIV. P. 168; *Eagle Gun Range, Inc. v. Bancalari*, 495 S.W.3d 887, 889 (Tex. App.—Fort Worth 2016, no pet.).

Section 74.052 provides that "[t]he medical authorization required by this section shall be in the following form," and it proceeds to give the text of the form, with blanks to be completed with information specific to the plaintiff's claim. TEX. CIV. PRAC. & REM. CODE ANN. § 74.052(c) (West Supp. 2020). Tolling occurs only when the plaintiff provides notice and the executed medical-records release authorization form. *See **Tex. W. Oaks Hosp.***, 371 S.W.3d at 189; ***Jose Carreras, M.D., P.A. v Marroquin***, 339 S.W.3d 68, 73 (Tex. 2011).

The medical authorization form must identify the patient's treating physicians for the past five years. TEX. CIV. PRAC. & REM. CODE ANN. § 74.052(c). This includes the plaintiff's treating physicians for the five years before "the incident made the basis of the accompanying notice of health care claim." *Id*. The authorization form must grant the defendant physician or health care provider authorization to receive the plaintiff's medical records from all of those physicians. *Id.*; ***Mitchell v. Methodist Hosp.***, 376 S.W.3d 833, 836 (Tex. App.–Houston [1st Dist.] 2012, pet. denied). The notice and authorization form encourage pre-suit investigation, negotiation, and settlement of health care liability claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.052; ***Mitchell***, 376 S.W.3d at 836 (citing ***Carreras***, 339 S.W.3d at 73). The medical authorization form is designed to allow the health care provider to both disclose and obtain information. ***Mitchell***, 376 S.W.3d at 838 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 74.052(c)).

## Analysis

Appellants moved for traditional summary judgment on the basis that Rhodes-Madison's medical malpractice suit was filed after expiration of the applicable two-year statute of limitations. Applying this two-year statute of limitations, Rhodes-Madison's deadline to file suit was February 2, 2018. Rhodes-Madison filed her petition on April 18, 2018.

In an attempt to avoid the limitations bar, Rhodes-Madison relied upon the seventy-five-day tolling provision in Chapter 74 by providing Appellants with notice of her healthcare liability claim, with an attached medical authorization form. However, the medical authorization form provided by Rhodes-Madison did not comply with Chapter 74's requirements. Chapter 74 provides a specific form to be used for the medical authorization. TEX. CIV. PRAC. REM. CODE ANN. § 74.052(c). While Rhodes-Madison used the correct form, she did not provide the names and addresses of all treating physicians or healthcare providers who had "examined, evaluated, or treated" her in connection with the injuries sustained in connection with the claim, nor did she provide a complete list of names and addresses of providers who had "examined, evaluated, or

treated" her in the five-year period prior to her alleged injury. *See id.* Specifically, Rhodes-Madison omitted Dr. Ferraraccio, a neurologist who treated her both before and in connection with her alleged injury.

Rhodes-Madison argues on appeal that she "substantially complied" with the statute. However, the requirements of the statute are clear: the medical authorization form must include a list of treating physicians who treated the claimant in relation to the incident giving rise to liability and who treated the claimant in the five years prior. *Id.* Several of our sister courts have held that the failure to provide a complete list of health care providers as required by the statute precludes a plaintiff from relying on the tolling provision, and they have rejected substantial-compliance arguments similar to Rhodes-Madison's. *See Colia v. Ewing*, No. 02-19-00109-CV, 2020 WL 241978, at *2-3 (Tex. App.—Fort Worth Jan. 16, 2020, pet. denied) (mem. op.); *Galloway v. Atrium Med. Ctr. L.P.*, 558 S.W.3d 316, 320-21 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *Davenport v. Adu-Lartey*, 526 S.W.3d 544, 552 (Tex. App.—Houston [1st Dist.] 2017, pet. denied); *Borowski v. Ayers*, 524 S.W.3d 292, 301-03 (Tex. App.—Waco 2016, pet. denied). Looking at the purpose of the pre-suit notice and corresponding authorization form, our sister courts held that an incomplete list of providers "frustrated the purpose behind [S]ection 74.052's disclosure requirements and hindered [the defendant's] ability to engage in pre-suit investigation, negotiation, and settlement with respect to [the plaintiff's] claims." *Galloway*, 558 S.W.3d at 321; *see also, Davenport*, 526 S.W.3d at 552-53 (explaining that omission of treating-physician information could interfere with a defendant's ability to investigate the plaintiff's claims); *Borowski*, 524 S.W.3d at 301–03 (collecting cases and holding that "failing to list any of the names and addresses of a patient's treating physicians or health care providers during the five years before the incident made the basis of the notice of health care claim seriously hinders the statutory design to enhance pre-suit investigation, negotiation, and settlement"). The courts rejected the appellants' arguments that they had "substantially complied" with Section 74.052's requirements and held that the appellants' authorization form did not toll the statute of limitations. *Galloway*, 558 S.W.3d at 322; *Davenport*, 526 S.W.3d at 552–53 (rejecting similar argument); *Borowski*, 524 S.W.3d at 301–03 (same); *Colia*, 2020 WL 241978 at *3 (same)

Rhodes-Madison's reliance on *Mock v. Presbyterian Hosp. of Plano*, 379 S.W.3d 391 (Tex. App.—Dallas 2012, pet. denied), and *Rabatin v. Kidd*, 281 S.W.3d 558 (Tex. App.—El Paso 2008, no pet.), are misplaced. In *Mock*, the authorization form contained one improperly-

completed blank but otherwise "complied with the statutory requirements." 379 S.W.3d at 395. And ***Rabatin*** was decided prior to the Texas Supreme Court's decision in ***Carreras***, which clarified the requirements plaintiffs must meet to avail themselves of the tolling provision in Chapter 74. *See **Carreras**,* 339 S.W.3d at 74 ("considering the text, history, and purpose of the statutes at issue, we conclude that for the statute of limitations to be tolled in a health care liability claim pursuant to Chapter 74, a plaintiff must provide both the statutorily required notice and the statutorily required authorization form"); *see also **Borowski***, 524 S.W.3d at 300–01 (discussing ***Mock*** and ***Rabatin*** and distinguishing them from the situation of a medical authorization that fails to completely list treating physicians).

We agree with the reasoning of our sister courts. The language of Sections 74.051 and 74.052 is clear. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 74.051(a) (requiring that the notice "must be accompanied by" an authorization form "as required under Section 74.052"), 74.052 (stating that the authorization form "shall" be in the "following form," which requires lists of treating physicians and medical providers); *see also* TEX. GOV'T CODE ANN. § 311.016(3) (West 2013) ("'Shall' imposes a duty" and "'[m]ust' creates or recognizes a condition precedent"). We are required to apply those words as written and according to their common meaning. *See **State v. Shumake***, 199 S.W.3d 279, 284 (Tex. 2006). The failure or refusal to provide a medical authorization form listing the physicians or health care providers who examined, evaluated, or treated the patient in the five years leading up to the alleged event of liability, and those who examined, evaluated, or treated the patient in connection with that event, poses a risk of undermining the defendant's ability to investigate the claims, negotiate a fair settlement, and ultimately defend itself. *See **Galloway***, 558 S.W.3d at 321; ***Davenport***, 526 S.W.3d at 552–53; ***Borowski***, 524 S.W.3d at 301–03. As a result, Rhodes-Madison's authorization form was insufficient to toll the statute of limitations and her suit was untimely filed; thus, the trial court erred in denying Appellants' motion for summary judgment. Accordingly, we sustain Appellants' first issue and need not address their second issue. *See* TEX. R. APP. P. 47.1.

## DISPOSITION

Having sustained Appellants' first issue, we ***reverse*** the judgment of the trial court and ***render*** judgment that Rhodes-Madison take nothing.

**GREG NEELEY**
Justice

Opinion delivered May 12, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 12, 2021**

**NO. 12-20-00240-CV**

**EDUARDO TANHUI, M.D. AND EAST TEXAS MEDICAL SPECIALTIES, P.A.,**
Appellants
V.
**MINNIE RHODES-MADISON,**
Appellee

Appeal from the 145th District Court

of Nacogdoches County, Texas (Tr.Ct.No. CI833683)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this Court that there was error in judgment as entered by the court below and that same should be reversed and judgment rendered.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that the denial of Defendants' summary judgment by the trial court in favor of Appellee, **MINNIE RHODES-MADISON,** be, and the same is, hereby **reversed** and judgment **rendered** that the Appellee take nothing. All costs in this cause expended both in this Court and the trial court below be, and the same are, adjudged against the Appellee, **MINNIE RHODES-MADISON,** for which let execution issue; and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*