

# NUMBER 13-19-00648-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

DANIEL BOUCHARD, D.O. AND
BAY AREA HEALTHCARE GROUP, LTD.
D/B/A CORPUS CHRISTI MEDICAL CENTER,                     Appellants,

v.

JOSEPH TAYLOR, INDIVIDUALLY
AND ON BEHALF OF SUSIE TAYLOR,                     Appellee.

### On appeal from the 94th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Longoria, Hinojosa, and Tijerina
### Memorandum Opinion by Justice Hinojosa

In this permissive appeal,[1] appellants Daniel Bouchard, D.O. and Bay Area

---

[1] We previously issued an order granting appellants' petition for permissive appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d); TEX. R. APP. P. 28.3.

Healthcare Group, Ltd. d/b/a Corpus Christi Medical Center (CCMC) appeal the trial court's denial of their motion for summary judgment, which sought to dismiss the health care liability suit filed by appellee Joseph Taylor, individually and on behalf of Susie Taylor. In two issues, which we treat as one, appellants argue that Taylor's suit is barred by the applicable two-year statute of limitations found in the Texas Medical Liability Act (TMLA). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(a). We reverse and render.

## I. BACKGROUND

Taylor filed suit against appellants[2] on February 21, 2019, alleging that appellants were negligent in failing to diagnose Susie as having had a stroke[3] when she presented to CCMC on December 10, 2016, complaining of a headache, dizziness, pain in the right side of her face, and blurry vision. Taylor alleges that appellants misdiagnosed Susie as having Bell's palsy.[4] Susie reported back to CCMC on December 24, 2016, at which time a neurologist diagnosed her as having experienced a stroke. The next day, Susie was airlifted to Memorial Herman Hospital in Houston, Texas, where she received further treatment. Taylor alleges that appellants' negligence on both the December 10 and 24 visits caused Susie to suffer long-lasting brain injuries that could have been mitigated or prevented by a timely diagnosis and treatment.

---

[2] Taylor also sued Arash Minaie, D.O., and Chintaka Bulathsinghala, who are not parties to this appeal. Taylor nonsuited Bulathsinghala. Minaie was never served.

[3] "A stroke occurs when the blood supply to part of your brain is interrupted or reduced, preventing brain tissue from getting oxygen and nutrients." *Stroke*, MAYO CLINIC, https://www.mayoclinic.org/diseases-conditions/stroke/symptoms-causes/syc-20350113 (last visited August 13, 2021).

[4] "Bell's palsy is an unexplained episode of facial muscle weakness or paralysis." *Bell's Palsy*, JOHNS HOPKINS MEDICINE, https://www.hopkinsmedicine.org/health/conditions-and-diseases/bells-palsy (last visited August 13, 2021).

Appellants separately answered, and each pleaded limitations as an affirmative defense. Appellants later jointly moved for summary judgment on their limitations defense. In their motion, appellants argued that the applicable two-year limitations period expired before Taylor filed suit on February 21, 2019. *See id*. § 74.251. Appellants maintained that the limitations period accrued on December 10, 2016, for Bouchard when he examined Susie and on December 25, 2016, for CCMC when Susie was discharged from that facility to another hospital.

Appellants further argued that Taylor could not benefit from the seventy-five day tolling period in the TMLA because Taylor did not provide proper pre-suit notice of the claim. *See id*. § 74.051. In that regard, appellants maintained that the medical authorization accompanying Taylor's notice failed to identify any health care providers who treated Susie in the five years preceding the incident forming the basis of the claim. *See id*. §§ 74.051(a), 74.052(c). Appellants submitted summary judgment evidence showing that Susie had visited her primary care physician, was taking several medications, and had a surgical procedure within the year before her visit to CCMC. Appellants also asserted that Taylor failed to identify all of the providers who saw Susie in connection with her alleged injuries. *See id*. § 75.052(c). Appellants specifically noted that Taylor failed to list the surgeon who operated on Susie at Memorial Hermann Hospital.

Taylor filed a response to appellants' motion for summary judgment, arguing that the statute of limitations was tolled because he substantially complied with the pre-suit notice requirement. Following a hearing, the trial court signed an order denying

3

appellants' motion for summary judgment. We have granted appellants' petition for a permissive appeal. *See id*. § 51.014(d); TEX. R. APP. P. 28.3.

## II.    STANDARD OF REVIEW

We review a trial court's summary judgment de novo. *Katy Venture, Ltd. v. Cremona Bistro Corp.*, 469 S.W.3d 160, 163 (Tex. 2015); *City of San Antonio v. Greater San Antonio Builders Ass'n*, 419 S.W.3d 597, 600 (Tex. App.—San Antonio 2013, pet. denied). We take all the evidence favorable to the nonmovant as true, and we indulge every reasonable inference and resolve any doubts in favor of the nonmovant. *BCCA Appeal Grp., Inc. v. City of Houston*, 496 S.W.3d 1, 6 (Tex. 2016); *Katy Venture*, 469 S.W.3d at 163; *Greater San Antonio*, 419 S.W.3d at 600.

Traditional summary judgment is proper only when the movant establishes there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *BCCA*, 496 S.W.3d at 6; *Greater San Antonio*, 419 S.W.3d at 600–01. Limitations is an affirmative defense and may serve as the basis for the trial court's summary judgment. *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 494 (Tex. 1991); *Slagle v. Prickett*, 345 S.W.3d 693, 697 (Tex. App.—El Paso 2011, no pet.). A "defendant who moves for summary judgment based on limitations must conclusively establish the elements of that defense" and "must also conclusively negate application of the discovery rule and any tolling doctrines pleaded as an exception to limitations." *Erikson v. Renda*, 590 S.W.3d 557, 563 (Tex. 2019).

If a defendant establishes limitations as a matter of law, the burden of production then shifts to the nonmovant to raise a genuine issue of material fact. *Valley Forge Motor*

*Co. v. Sifuentes*, 595 S.W.3d 871, 877 (Tex. App.—El Paso 2020, no pet.); *see Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018). If the non-movant fails to do so, the defendant is entitled to summary judgment. *See Chau v. Riddle*, 254 S.W.3d 453, 455 (Tex. 2008). On the other hand, if the movant fails to satisfy its initial burden, then the burden does not shift, and the nonmovant need not present any evidence to avoid summary judgment. *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2014).

### III. DISCUSSION

### A. Applicable Law

Health care liability claims in Texas are governed by the TMLA. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 74.001–.507; *Davenport v. Adu-Lartey*, 526 S.W.3d 544, 550 (Tex. App.—Houston [1st Dist.] 2017, pet. denied). The purpose of the statute is to eliminate frivolous healthcare-liability claims, while allowing potentially meritorious claims to proceed. *Hebner v. Reddy*, 498 S.W.3d 37, 39 (Tex. 2016); *Davenport*, 526 S.W.3d at 550.

Health care liability claims must be brought "within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed." TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(a); *Davenport*, 526 S.W.3d at 551. A claimant must also provide the defendant with notice of a health care liability claim at least sixty days before suit is filed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.051(a). The notice must be accompanied by an "authorization form for release of protected health

5

information as required" under § 74.052. *Id*. The authorization form must list, among other things: (1) "the physicians or health care providers who have examined, evaluated, or treated [the claimant] in connection with the injuries alleged to have been sustained in connection with the claim asserted in the accompanying Notice of Health Care Claim[;]" and (2) the "physicians or health care providers who have examined, evaluated, or treated [the claimant] during a period commencing five years prior to the incident made the basis of the accompanying Notice of Health Care Claim." *Id*. § 74.052(c).

If a claimant provides the pre-suit notice and health information authorization form, the limitations period is tolled up "to and including a period of 75 days following the giving of the notice, and this tolling shall apply to all parties and potential parties." *Id*. § 74.051(c); *see Carreras v. Marroquin*, 339 S.W.3d 68, 74 (Tex. 2011) ("[F]or the statute of limitations to be tolled in a health care liability claim pursuant to Chapter 74, a plaintiff must provide both the statutorily required notice and the statutorily required authorization form."). The purpose of the pre-suit notice requirement, including the authorized release of health information, "is to encourage negotiations and settlement of disputes prior to suit, thereby reducing litigation costs." *Carreras*, 339 S.W.3d at 73; *see Mitchell v. Methodist Hosp.*, 376 S.W.3d 833, 836 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). By requiring a potential claimant to authorize the disclosure of otherwise privileged information sixty days before suit is filed, the legislature intended to provide an opportunity for health care providers to investigate claims and possibly settle those with merit at an early stage. *Carreras*, 339 S.W.3d at 73; *Garcia v. Gomez*, 319 S.W.3d 638, 643 (Tex. 2010).

6

**B.      Analysis**

The parties agree that Taylor's suit was filed outside of the two-year limitations period but within the seventy-five day tolling period afforded by § 74.051(c). Therefore, absent the application of tolling, Taylor's suit is barred by limitations. Taylor argues on appeal that he substantially complied with the pre-suit notice requirement by timely providing a pre-suit notice letter and a statutory authorization, even though he did not identify all of the required physicians or health care providers.

"Substantial compliance" with the TMLA's pre-suit notice and authorization requirements will in some instances trigger the tolling provision. *See, e.g., Davenport*, 526 S.W.3d at 552–53; *Mock v. Presbyterian Hosp. of Plano*, 379 S.W.3d 391 (Tex. App.—Dallas 2012, pet. denied). However, a plaintiff does not substantially comply with the authorization requirements "if the authorization form fails to list or provides an incomplete list of the health care providers that provided treatment in connection with the injuries alleged to have been sustained in connection with the health care liability claim." *Galloway v. Atrium Med. Ctr., L.P.*, 558 S.W.3d 316, 320–321 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *see Davenport*, 526 S.W.3d at 552; *Borowski v. Ayers*, 524 S.W.3d 292, 301–03 (Tex. App.—Waco 2016, pet. denied); *Johnson v. PHCC-Westwood Rehab. & Health Care Ctr.*, LLC, 501 S.W.3d 245, 251 (Tex. App.—Houston [1st Dist.] 2016, no pet.); *see also Tanhui v. Rhodes-Madison*, No. 12-20-00240-CV, 2021 WL 1916819, at *3 (Tex. App.—Tyler May 12, 2021, no pet.) (mem op.); *Polsky v. Bassett*, No. 13-18-00553-CV, 2020 WL 6052547, at *4 (Tex. App.—Corpus Christi–Edinburg Oct. 8, 2020, pet. denied) (mem. op.); *Colia v. Ewing*, No. 02-19-00109-CV, 2020 WL 241978, at *3

7

(Tex. App.—Fort Worth Jan. 16, 2020, pet. denied) (mem. op.).

In *Davenport*, the First Court of Appeals reviewed the application of the TMLA's tolling provision in reference to a similarly defective authorization form. 526 S.W.3d 544. Davenport sued an orthopedic surgeon and orthopedic clinic for negligence in connection with a back surgery. *Id*. at 547. He provided the defendants with a pre-suit notice accompanied by an authorization form. *Id*. at 548. The form identified five doctors, other than the orthopedic surgeon, who examined, evaluated, or treated Davenport in connection with Davenport's alleged injuries. *Id*. However, the list did not include other physicians or health care providers who treated Davenport in connection with the back injury, including the hospital where the surgery was performed, the hospital where Davenport initially presented to the emergency room and where he later underwent physical therapy, the hospital where he was treated after his surgery, and numerous outpatient imaging centers. *Id*.

Davenport argued on appeal that the authorization form substantially complied with the TMLA because the omission of several of the health care providers from the authorization form did not interfere with the defendants' ability to conduct a pre-suit investigation. *Id*. The First Court of Appeals rejected this argument:

> The appellants argue that pre[-]suit investigation was still possible, based on the records that could be obtained from the authorization form, the [defendants'] own experts' evaluations which were provided, and [the defendants'] own records, which would be among the more important medical records relevant to the claim. None of these circumstances, however, mitigate the problem that [the defendants were] not able to access other critical medical records that are required to be included in the authorization form, and without that information they could not assess the claim adequately before the filing of suit, as intended by the statute.

8

*Id.* at 553–54. The court concluded that the authorization form was "inadequate to satisfy the legislative purpose of enabling a pre[-]suit investigation[.]" *Id.* at 554. Therefore, the court held that the limitations period was not tolled under the TMLA. *Id.* We have previously followed *Davenport* in concluding that an incomplete medical authorization does not substantially comply with the TMLA's pre-suit notice and authorization requirements. *See Polsky*, 2020 WL 6052547, at *4.

In the present case, Taylor failed to list any of the physicians or health care providers that treated Susie in the preceding five years and excluded at least one physician that provided treatment in connection to the health care liability claim. As a result, Taylor failed to substantially comply with the TMLA's pre-suit notice requirement and tolling provision.[5] *See Davenport*, 526 S.W.3d at 553–54; *see also Polsky*, 2020 WL 6052547, at *4. Without the benefit of the seventy-five-day tolling provision, Taylor's suit is barred by limitations. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(a); *Davenport*, 526 S.W.3d at 554. We conclude that appellants established their limitations defense as a matter of law. *See Renda*, 590 S.W.3d at 563. Therefore, the trial court erred in denying appellants' motion for summary judgment. We sustain appellants' sole issue.

## IV. CONCLUSION

We reverse the judgment of the trial court and render judgment dismissing Taylor's

---

[5] Taylor's reliance on *Mock v. Presbyterian Hospital of Plano*, 379 S.W.3d 391 (Tex. App.—Dallas 2012, pet. denied), and *Rabatin v. Kidd*, 281 S.W.3d 558 (Tex. App.—El Paso 2008, no pet.), is misplaced. In *Mock*, the authorization form contained one improperly completed blank but otherwise "complied with the statutory requirements." 379 S.W.3d at 395. *Rabatin* was decided prior to the Texas Supreme Court's decision in *Carreras v. Marroquin*, 339 S.W.3d 68 (Tex. 2011), which clarified the requirements plaintiffs must meet to avail themselves of the tolling provision. *See Borowski v. Ayers*, 524 S.W.3d 292, 301–03 (Tex. App.—Waco 2016, pet. denied) (discussing *Mock* and *Rabatin* and distinguishing them from the situation of a medical authorization that fails to completely list health care providers).

suit against appellants.

LETICIA HINOJOSA
Justice

Delivered and filed on the
26th day of August, 2021.